# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**DALE SMALLWOOD,**

    **Plaintiff,**

**vs.**                                                       **CASE NO. 5:09CV174-RS/AK**

**OFFICER SANDRA LOCKE,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint against an officer at Northwest Florida Reception Center for opening his legal mail. (Doc. 7). He has attached to the amended complaint the letter at issue and claims that the two week delay in receiving it caused harm in his obtaining a judgment in a civil lawsuit and resolution of an IRS claim against him for which he is penalized daily. He contends that he is entitled to relief because it is a due process violation to open legal mail.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

      The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

**No. 5:09cv174-RS/AK**

Plaintiff has alleged no injuries.  Although he identifies cases his attorney was working on for him, the letter that was opened and held for two weeks, references none of these cases, calls for no immediate action on these cases, and includes no papers to sign or other indication that a delay in receiving it for two weeks would cause injury in the processing of his cases.

Plaintiff seeks monetary damages.  However, "compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

Further, in order to show actual injury for denial of access to the courts, a plaintiff must show:

> 1.  The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
>
> 2.  The prisoner must show the claim to which he was impeded was not frivolous.
>
> 3.  The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).

**No. 5:09cv174-RS/AK**

The legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.

Plaintiff has wholly failed to allege injuries sufficient to state a claim for relief and the undersigned finds that this lawsuit over a two week delay in receiving the letter at issue is frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this ___15th___ d**ay** of July, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:09cv174-RS/AK**